O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 13-1747-DOC (ANx)                                    Date: July 1, 2014

Title: BARBARA ANDERSON V. THE HAIN CELESTIAL GROUP, INC., ET AL.

PRESENT:   THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera  | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                                            None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO SET ASIDE DEFAULT [15]**

Before the Court is Defendant The Hain Celestial Group, Inc.'s Motion to Set Aside Default (Dkt. 15). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendant's Motion to Set Aside Default.

## I.   BACKGROUND

### A.   Factual Background

Barbara Anderson ("Ms. Anderson") brought this action against The Hain Celestial Group, Inc. ("Hain") on behalf of herself and all others similarly situated. *See generally* Compl. Ms. Anderson alleges that Hain misrepresented its retail food products by including "All Natural" labels, even though the products contained artificial ingredients and extensively processed ingredients, such as "evaporated cane juice." *Id.* ¶¶ 11, 18-30. Although Ms. Anderson references nine products that contain these misrepresentations, she purchased only one of Hain's products in the last four years. *Id.* ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1747-DOC (ANx)                                                     Date: July 1, 2014

Page 2

### B.　　Procedural Background

James Farrell ("Mr. Farrell") is the Senior Litigation Counsel for Hain. Decl. of James Farrell ("Farrell Decl.") (Dkt. 15-1) ¶ 1. He is responsible for many of Hain's litigation matters, and he maintains his litigation schedule using an Excel spreadsheet. *Id.* ¶¶ 2-3. On or about November 7, 2013, Mr. Farrell was notified that Ms. Anderson filed a complaint (the "Complaint") (Dkt. 1) two days prior. *Id.* ¶ 4. Mr. Farrell did not add the case to his spreadsheet at that time because Ms. Anderson had not yet served the Complaint. *Id.*

Following an Order to Show Cause for Lack of Prosecution (Dkt. 5), Ms. Anderson served Hain the Complaint on February 4, 2014 (Dkt. 6). Mr. Farrell was traveling that week and did not update his calendar until he returned to his office. Farrell Decl. ¶ 7. When he returned, he received an update from outside counsel regarding the consolidation of four complaints, each of which challenged the "All Natural" statement on some of Hain's products. *Id.* Mr. Farrell mistakenly included Ms. Anderson's Complaint in that group when he updated his spreadsheet and therefore inadvertently failed to respond to the Complaint. *Id.*

On March 3, 2014, Mr. Farrell received notice of service of the entry of default. *Id.* ¶ 8. That was the first moment Mr. Farrell realized he had incorrectly consolidated Ms. Anderson's Complaint with the other complaints against Hain. *Id.* Mr. Farrell promptly contacted Ms. Anderson's counsel. *Id.* On April 3, 2014, Mr. Farrell hired outside counsel, Lisa Wongchenko ("Ms. Wongchenko"). *Id.*; Decl. of Lisa Wongchenko ("Wongchenko Decl.") (Dkt. 15-2) ¶ 2. Ms. Wongchenko spoke on the telephone with Ms. Anderson's counsel, Chant Yedalian ("Mr. Yedalian"), on April 3, 2014. During the telephone call, Ms. Wongchenko did not request a conference of counsel, but she did request that Mr. Yedalian agree to voluntarily set aside entry of default. Yedalian Decl. ¶ 4; Wongchenko Decl. ¶ 3. Mr. Yedalian refused to set aside default and requested that Ms. Wongchenko waive Local Rule 23-3, to which Ms. Wongchenko agreed. Wongchenko Decl. ¶ 3.

Hain filed the Motion to Set Aside Default on April 11, 2014. Ms. Anderson filed her Opposition to Motion (Dkt. 16) on April 28, 2014, to which Hain filed its Reply (Dkt. 17) on May 5, 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1747-DOC (ANx)                                                                        Date: July 1, 2014

Page 3

## II.     LEGAL STANDARD

A court may set aside an entry of default or a default judgment where the moving party establishes a proper ground for relief under the applicable Federal Rule of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Pursuant to Federal Rule of Civil Procedure 60(b), by contrast, a court may set aside a final judgment only under specific conditions, including a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *See Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

The Ninth Circuit utilizes the same three-factor test to determine good cause under Rule 55(c) as it does for setting aside a final judgment under Rule 60(b). *Yagman v. Galipo*, No. CV 12-7908, 2013 WL 1287409, at *8 (C.D. Cal. Mar. 25, 2013); *See Haw. Carpenters' Trust Funds,* 794 F.2d at 513. The court may deny a motion to set aside an entry of default if the moving party fails to satisfy any one of the following factors: (1) the moving party's own culpable conduct led to the default; (2) the nonmoving party would be prejudiced by setting aside the default; or (3) the moving party has no meritorious defense. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141 (2001); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000); *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Therefore, although "a motion to set aside a default *may* be denied if any one factor goes against the [moving party], . . . it would still be within a district court's discretion to grant the motion." *Yagman*, 2013 WL 1287409, at *9 (citing *Brandt v. Am Bankers Ins. Co.*, 653 F.3d 1108, 1112 (9th Cir. 2011).

Finally, although the same considerations exist when deciding whether to set aside either an entry of default under Rule 55(c) or a default judgment under Rule 60(b), these considerations should be applied more liberally when reviewing an entry of default. *Haw. Carpenters' Trust Funds,* 794 F.2d at 513; 10A Charles Alan Wright et. al., *Federal Practice and Procedure* § 2696, at 142 (3d ed. 1998) ("[A] default entry may be set aside for reasons that would not be enough to open a default judgment."). Although decisions to set aside both entries of default and default judgments are entrusted to the district court's discretion, *see Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975), the "court's discretion is especially broad" when considering whether to set aside an entry of default, rather than a default judgment. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1747-DOC (ANx)                                           Date: July 1, 2014

Page 4

default so that cases may be decided on their merits." *Yagman*, 2013 WL 1287409, at \*9 (quoting *Mendoza*, 783 F.2d at 945–46).

## III. DISCUSSION

### A. Local Rule 7-3

As an initial matter, Ms. Anderson argues that Hain failed to comply with L.R. 7-3 because Hain's counsel did not request a conference with Ms. Anderson's counsel to discuss the Motion. The Court disagrees.

L.R. 7–3 states that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person,* the substance of the contemplated motion and potential resolution." L.R. 7–3. "[T]he conference shall take place at least seven (7) days prior to the filing of the motion." *Id.*

Moreover, L.R. 7-3 does not require the conference to be formally requested ahead of time. *See, e.g.*, *Cilluffo v. Cent. Refrigerated Servs., Inc.*, No. CV 12-00886, 2012 WL 8539805, at \*2 (C.D. Cal. Dec. 13, 2012), *motion to certify appeal denied*, No. CV 12-00886, 2013 WL 3508069 (C.D. Cal. Jan. 30, 2013). In *Cilluffo*, the parties satisfied the L.R. 7-3 requirement by contacting opposing counsel through e-mail to discuss the contemplated motion. Though they did not actually discuss the motion thoroughly until a later date, the court held that the L.R. 7-3 requirement was satisfied when both parties were notified of and had the opportunity to discuss the potential motion. *See id.*

Ms. Anderson argues that, while Ms. Wongchenko, Hain's outside counsel, initially contacted Mr. Yedalian, Ms. Anderson's counsel, seven days before Hain filed the motion, their telephone call did not satisfy the L.R. 7-3 requirement. Opp'n at 16-17. Ms. Anderson admits, however, that during the telephone call Ms. Wongchenko requested that Ms. Anderson set aside entry of default. *Id.* Even though Ms. Wongchenko did not formally arrange a conference with Ms. Anderson's counsel, all parties had the opportunity to present their concerns before Hain filed the motion, much like the parties in *Ciluffo* did. Opp'n at 17. Therefore, the Court finds the conversation sufficient to meet the L.R. 7-3 conference requirement.

A telephone conference, though not preferred, satisfies the requirement for a conference of counsel. *See, e.g.*, *City of Colton v. Am. Promotional Events, Inc.*, No. CV 09-1864, 2012 WL 32606, at \*2 (C.D. Cal. Jan. 5, 2012); *Evanston Ins. Co. v. Am. Remedial*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1747-DOC (ANx)                                                                    Date: July 1, 2014

Page 5

*Technologies Int'l, Inc.*, No. CV 09-8889, 2010 WL 1816713, at *6 (C.D. Cal. May 3, 2010) (describing that L.R. 7-3 was satisfied by a telephonic conference). As in *City of Colton*, where all parties are made aware of the motion and are welcome to participate on a call, a telephone call provides the opportunity for counsel to meet and confer on the relevant motion. *Id.* at *3. Here, the entire conference occurred over the telephone, as did the telephone conference in *City of Colton*. Yedalian Decl. ¶¶ 4-5. Though not the preferred means of conferencing, the telephone call between Ms. Wongchenko and Mr. Yedalian satisfies the L.R. 7-3 requirement. On these grounds, the Court declines to dismiss the Motion on a technicality. The Court instead will address the Motion on the merits.

    **B.**    **Entry of Default**

        **1.**    **Culpability**

Hain argues that its conduct did not amount to culpability because the error arose from an accidental calendaring mistake, rather than deviousness or willfulness. The Court agrees.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1093 (9th Cir. 2010) (quoting *TCI*, 244 F.3d at 697). The culpability standard requires conduct rising to a higher level than mere neglect or carelessness. *See TCI*, 244 F.3d at 697. The Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Mesle*, 615 F.3d at 1092 (quoting *TCI*, 244 F.3d at 698).

Courts accept even weak explanations in support of setting aside default if they reveal negligence and carelessness. *See, e.g.*, *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004); *William v. Runnels*, No. CV 12-01232, 2012 WL 4862352, at *2 (E.D. Cal. Oct. 11, 2012) (granting the motion to set aside entry of default where defendant's delay resulted from a calendaring error); *c.f. Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) (suggesting that, while any explanation would constitute excusable neglect, the moving party must propose an explanation). In *Pincay*, the defendant failed to timely file documents with the court because a paralegal committed a calendaring system error. 389 F.3d at 855, 60-61. Similarly, Hain's scheduling error resulted from a mistaken consolidation of cases within Mr. Farrell's spreadsheet system. Farrell Decl. ¶ 7. Though the plaintiff in *Pincay* alleged that the defendant's reliance on a paralegal was inexcusable, the court determined that the

Case 8:13-cv-01747-DOC-AN   Document 20   Filed 07/01/14   Page 6 of 9   Page ID #:297

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1747-DOC (ANx)                                             Date: July 1, 2014

Page 6

defendant's behavior did not amount to culpability. 389 F.3d at 855. The Court, likewise, finds that Hain's error—by itself—does not rise to the level of culpable conduct required to deny a motion to set aside default.

When the defaulting party is a "legally sophisticated party" and has received actual or constructive notice of an action, the court *may* assume culpability solely based on the defaulting party's failure to answer. *Mesle*, 615 F.3d at 1093; *Franchise Holding II, L.L.C. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) (holding that failure to answer can be assumed as intentional when considering a motion to set aside default judgment if the defaulting party had actual or constructive notice of the action); *Vann v. Aurora Loan Servs., L.L.C.*, No. 10-CV-04736, 2011 WL 1002093, at *3 (N.D. Cal. March 21, 2011). Applying this standard, the court in *Vann* set aside entry of default despite the defendant's counsel's previous litigation experience and actual knowledge of the complaint. *Vann*, 2011 WL 1002093, at *3. The court determined that the defendant failed to answer as a result of mere negligence and the defendant in no way attempted to thwart the plaintiff's litigation efforts. *Id.* Specifically, the court noted that the "[d]efendant appeared promptly after learning of the default and now appears quite willing to litigate the case." *Id.* Here, Hain, which is represented by a "legally sophisticated" counsel, provides a credible explanation that does not include any suggestion that Hain sought to weaken Ms. Anderson's litigation efforts. Further, Mr. Farrell promptly made an effort to set aside entry of default once he recognized his scheduling error, just like the defendant in *Vann* did. Farrell Decl. ¶ 8. Thus, just as the court in *Vann* applied the more lenient standard for entries of default in finding the defendant's conduct not culpable, the Court declines to find Hain's conduct culpable. 2011 WL 1002093, at *3

### 2. Prejudice

Hain argues that setting aside the default will not prejudice Ms. Anderson. The Court agrees.

The standard for considering prejudice is whether the harm in setting aside judgment will be greater than mere delay in the resolution of the case. *See TCI*, 244 F.3d at 701; *see also Bateman v. U. S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (holding that prejudice from delay and loss of quick victory is insufficient to constitute prejudice). "[T]o be prejudicial, 'the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Yagman*, 2013 WL 1287409, at *12 (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir.

Case 8:13-cv-01747-DOC-AN Document 20 Filed 07/01/14 Page 7 of 9 Page ID #:298

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1747-DOC (ANx)          Date: July 1, 2014

Page 7

1996)). In the absence of tangible harm, particularly where default judgment has not been entered, the lack of prejudice favors granting the motion to set aside entry of default. *J & J Sports Prods., Inc. v. Nguyen*, No. 11-CV-01166, 2011 WL 6294332, at *2 (N.D. Cal. Dec. 14, 2011) (filing an answer several months late does not establish tangible harm as to prejudice the plaintiff).

Ms. Anderson argues that prejudice has been directed against her fellow class members as well as herself. The Court is not convinced. The only actual harm to any party, if default is set aside, is a slight delay in litigating this case. Ms. Anderson fails to allege any other specific harm to either herself or the putative class members. *See* Opp'n at 11-16. Since no scheduling conference has been held and Hain has agreed to waive L.R. 23-3, which requires a motion for class certification to be filed within ninety days, the harm to Ms. Anderson by setting aside entry of default is *de minimis*. The Court finds no prejudice in granting the Motion, thus acting in accord with the Ninth Circuit's explicit preference to decide cases on the merits. *See TCI*, 244 F.3d at 696.

### 3. Meritorious Defenses

Hain argues the existence of multiple meritorious defenses, which it contends weigh in favor of setting aside the entry of default. The Court agrees.

To overcome an entry of default, the defaulting party must show some meritorious defense. *Haw. Carpenters' Trust Funds*, 794 F.2d at 513 (citing *Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir. 1976)). "The underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (citing 10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2697 (1983)).

Mere conclusory statements against claims are insufficient to justify vacating an entry of default. *Franchise Holding II,* 375 F.3d at 926 (refusing to set aside a default without facts to support the excusable negligence). While defendants are required to present specific facts that would constitute a defense, the burden is to show that the defense is assertable, not necessarily that it will prevail. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also Mesle*, 615 F.3d at 1094 (granting the defendant's motion to set aside default because defendant had a right to raise defenses in court and have the matter resolved on the merits). In *Global Acquisitions Network v. Bank of Am. Corp.*, the defendant asserted at least six potential defenses, including the plaintiff's lack of standing after it forfeited its corporate status. No. CV 12-08758, 2012 WL 6549817, at *2 (C.D. Cal. Dec. 14, 2012). The court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1747-DOC (ANx)                                                         Date: July 1, 2014

Page 8

held that this was sufficient. *Id.* at *3. In the instant case, Hain asserts four defenses, alleging facts and applicable legal theory in support of each. Mot. at 5-6. Just as the defendant in *Global Acquisitions Network* challenged the plaintiff's standing to sue, Hain challenges Ms. Anderson's standing by averring that Ms. Anderson purchased only one of the nine disputed products. *Id.* at 6. As the court in *Global Acquisitions Network* decided that the success of the defenses were "more properly the subject of later litigation," the Court finds that Hain's defenses are at least assertable because Hain cites Ms. Anderson's specific conduct. 2012 WL 6549817, at *3.

Hain raises and supports several defenses, satisfying the meritorious defenses requirement. In outlining each of its four asserted defenses, Hain alleges facts in addition to citing applicable legal theory. Mot. at 5-6.

### C.     Attorney's Fees

Ms. Anderson argues that, if the Court grants Hain's Motion, it should condition the setting aside of default upon Hain's payment of Ms. Anderson's attorney's fees. The Court disagrees.

Though a district court may condition setting aside default upon the payment of a sanction, the Court finds it inappropriate to do so in this instance. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988). "By conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." *Id.* at 1546 (citing Wright, Miller, & Kane, *supra*, § 2700, p. 538). In *Nilsson*, the court used sanctions to remedy prejudice resulting from three previous entries of default and four orders for money sanctions against the defendant for failure to comply with other court orders. *Id.* at 1547. The court determined that defendants deliberately and willfully complicated proceedings and frustrated plaintiff's attempts at discovery. *Id.* at 1547.

While deliberate conduct is not an express requirement for awarding attorney's fees, sanctions are not appropriate where there is no prejudice to be remedied. *See Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 675 (D. Haw. 2008); *also Hunter v. TBDC, LLC*, No. C-08-4158, 2009 WL 224958, at *6 (N.D. Cal. Jan. 29, 2009) (declining to award attorney's fees where "the time incurred in opposing the motion to set aside the default . . . was an expense that never should have been taken"). Unlike the defendant in *Nilsson*, the court in *Na Pali Haweo* found that the defendant's conduct was not egregious because the defendant did not have a history of prior defaults. 252 F.R.D. at 675. Similarly, Hain faced

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1747-DOC (ANx)                                                                       Date: July 1, 2014

Page 9

entry of default only once. Mot. at 2-3. Further, both Ms. Anderson and the plaintiff in *Na Pali Haweo* complicated the default proceedings by refusing to voluntarily set aside entry of default, thus causing both parties to incur unnecessary costs. 252 F.R.D. at 675; *see generally* Yadalian Decl. Ex. 2 (Dkt. 16). Therefore, just as the court in *Na Pali Haweo* refused to grant attorney's fees, 252 F.R.D. at 675, the Court declines to condition the set aside upon the payment of attorney's fees.

## IV. DISPOSITION

For the reasons explained above, the Court GRANTS Hain's Motion to Set Aside Default. The parties will pay their own costs and fees.

Hain must file a responsive pleading on or before July 25, 2014.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                              Initials of Deputy Clerk: jcb